UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| REGINALD COLEMAN,          )<br>                                            )<br>         Plaintiff,                   )<br>                                            )<br>v.                                          )     Case No. 1:10-CV-327<br>                                            )<br>OFFICER D. TINSLEY,         )<br>OFFICER T. HUGHES, and  )<br>OFFICER D. ROYSE (FORT WAYNE )<br>CITY POLICE OFFICERS),      )<br>                                            )<br>         Defendants.               ) | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants' Renewed Motion to Exclude Testimony (Docket # 62), seeking to exclude the testimony of Anthony Sewell. Oral argument was heard and concluded on March 2, 2012. For the reasons provided, Defendants' Motion will be GRANTED.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Reginald Coleman brought this civil rights action under 42 U.S.C. § 1983, alleging excessive force and failure to intervene claims against the Defendants  In his initial disclosures, Plaintiff disclosed Anthony Sewell as a witness. (Defs.' Renewed Mot. to Exclude Test. ¶ 1.) Using an address Plaintiff provided, Defendants attempted to serve Sewell with a Subpoena and Notice of Deposition by certified mail at 1323 Warsaw Street, Fort Wayne, Indiana 46806, on January 5, 2011. (Defs.' Renewed Mot. to Exclude Test. ¶ 2.) This address, however, was incorrect as there was no such number on that street. (Defs.' Renewed Mot. to Exclude Test.

¶ 2.)  After conducting an independent search, Defendants attempted to serve Sewell at 2912 Plaza Drive, but this address was also incorrect.  (Defs.' Renewed Mot. to Exclude Test. ¶ 2.)

In the first Proposed Pretrial Order, Plaintiff again listed Sewell's address as 1323 Warsaw St. (Docket # 24), the address at which Defendants had originally tried to serve him.  Subsequently, the parties came to believe that Sewell was at the Allen County Jail.  Plaintiff then revised the Pretrial Order to list the Jail as Sewell's address (Docket # 32) and also listed this address in his Pretrial Disclosures (Docket # 31).  Accordingly, Defendants attempted to depose Sewell, but learned that Antonio Sewell, who was housed at the Jail, was not the Anthony Sewell identified as a witness in this case.  (Defs.' Renewed Mot. to Exclude Test. ¶ 5.)

Yesterday, March 1, 2012, and apparently after doing some investigation, counsel for the Plaintiff informed Defendants that Anthony Sewell's correct address is actually 1323 Wabash Avenue in Fort Wayne.  (Defs.' Renewed Mot. to Exclude Test. ¶ 6.)  They further stated they had spoken to Sewell at this address, that he was uncooperative, and they intended to subpoena him for trial.  With the trial beginning on March 13, 2012, Defendants now seek to exclude Sewell's testimony.

### III.  DISCUSSION

Federal Rule of Civil Procedure 26(a)(1) provides that initial disclosures must include "the name and, if known, the address and telephone number of each individual likely to have discoverable information." FED. R. CIV. P. 26(a)(1)(A)(i).  Under Rule 26(a)(3), pretrial disclosures must include "the name and, if not previously provided, the address and telephone number of each witness." FED. R. CIV. P. 26(a)(3)(A)(i).  If a party fails in these duties under Rule 26, that "party is not allowed to use that information or witness to supply evidence on a

motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); *Henning v. Nickow*, No. 1:08-cv-180, 2009 WL 3642738, at *3 (N.D. Ind. Oct. 30, 2009); *see also Mitchell v. Iowa Interstate R.R. Ltd.*, No. 07-1351, 2010 WL 2089305, at *2 (C.D. Ill. May 25, 2010) (noting that failure to disclose a witness as required by Rule 26(a) is sanctionable under Rule 37(c)).

Here, Plaintiff provided incorrect addresses for Sewell in early 2011 and in the Pretrial Order and Pretrial Disclosures, the latter of which is to contain a witness's confirmed address under Rule 26(a)(3). It was not until March 1, 2012, just twelve days before the start of trial, that Plaintiff's counsel (and after a little investigation of their own) finally located Sewell and supplied Defendants with his correct address. Given that Defendants had been attempting to serve and depose Sewell for over a year at addresses supplied by the Plaintiff, it can hardly be said that his recent surfacing, long after discovery and while counsel are in the midst of preparing for trial, is harmless. Moreover, Plaintiff offers no argument or showing of substantial justification other than they initially parroted the address listed in a Fort Wayne Police Department report, and then became confused between witness Anthony Sewell and Allen County Jail inmate Antonio Sewell. Left unexplained, however, is how (given their duty to supplement their disclosures under Federal Rule of Civil Procedure 26(e)) they were suddenly able to find the witness on the eve of trial and after the passage of many months. Accordingly, at this late date, mere days before the trial and considering Sewell's reported uncooperativeness, "there is no vehicle . . . that the Court can employ to ameliorate the obvious prejudice, or to render the violation of [Rule 26(a)(3)] harmless." *Henning*, 2009 WL 3642738, at *4.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Renewed Motion to Exclude Testimony (Docket # 62) is GRANTED.  Plaintiff is hereby precluded from calling Anthony Sewell to testify at trial.

SO ORDERED.

Enter for the 2nd day of March, 2012.

S/Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge